**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**LOYAL SOURCE GOVERNMENT
SERVICES, LLC,**
12612 Challenger Parkway, Suite 365
Orlando, Florida 32826

      **Petitioner,**

**v.**                                                      **CASE NO.: 1:23-CV-2889**

**OMV MEDICAL, INC. N/K/A
PROVIZOR FEDERAL, INC.,**
6700 Alexander Bell Drive
Columbia, Maryland 21046
(Howard County)

      **Respondent.**
_____/

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Loyal Source Government Services, LLC ("**Loyal Source**" or "**Petitioner**") files this petition pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act (FAA) to confirm the Order and Interim Award (the "**Award**," Ex. 1 hereto) issued in the American Arbitration Association ("**AAA**") arbitration styled *Loyal Source Government Services, LLC. v. OMV Medical, Inc.*, Case No. 01-23-0001-5947 (the "**Arbitration**"), and for entry of a final judgment confirming the Award. In further support hereof, Loyal Source states:

### The Parties

1.  Loyal Source is a Florida limited liability company with a principal place of business in Orlando, Florida. Loyal Source's sole member is Loyal Source Worldwide, Inc., a Florida corporation with a principal place of business in Orlando, Florida. Therefore, Loyal Source is a citizen of Florida.

2.  Respondent OMV Medical, Inc. n/k/a Provizor Federal, Inc. (“**OMV**” or “**Respondent**”) is a Maryland corporation with a principal place of business in Maryland.

### Venue and Jurisdiction

3.  This Court has original jurisdiction over this civil action because there is complete diversity of citizenship between Petitioner and Respondent and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

4.  In personam jurisdiction can be obtained over Respondent by service of a notice of this application as required by 9 U.S.C. § 9.

5.  In addition, Rule 54(c) of the AAA Commercial Arbitration Rules states: “Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.”

6.  Venue is proper under 9 U.S.C. § 9 and 28 U.S.C. § 1391(b) in the District of Maryland because this is the United States court in and for the judicial district in which the arbitration award sought to be confirmed was made and the arbitration agreement is silent as to the court in which actions to enforce arbitration awards should be filed.

### Facts and Procedural History

7.  On April 5, 2023, Loyal Source filed a Demand with the American Arbitration Association (“**AAA**”) to commence the Arbitration, naming OMV as the Respondent. Award at 1.

8.  On April 27, 2023, Loyal Source invoked AAA Rule 39 and filed a Request for Emergency Relief to enforce the terms of a March 16, 2018 Subcontract. Award at 1.

9.  On April 28, 2023, the AAA appointed the Honorable Susan G. Braden (Ret.) as the emergency arbitrator (the “**Arbitrator**”).

10. OMV did not challenge the appointment of the Arbitrator.

11. On August 14, 2023, Loyal Source and OMV agreed to a Stipulation, which sought the entry of an order enforcing the Stipulation's terms. Award at 1.

12. Accordingly, the Parties agreed to and the Arbitrator entered an Order to Stay Request for Emergency Relief and Incorporating Stipulation dated September 6, 2023 (the "**Stipulation Order**"). Award at 1-2.

13. The Stipulation Order required OMV to pay Loyal Source for invoices within 10 days of OMV receiving a payment from the government for the invoice. Award at 2.

14. The Stipulation Order provided a default and cure scheme in the event of a missed payment. Award at 2.

15. On September 20, 2023, in accordance with the terms of the Stipulation Order, Loyal Source provided OMV with a first notice of default ("**First Notice of Default**") relating to missed payments. Award at 2.

16. According to the First Notice of Default, OMV failed to make payments due under the terms of the Stipulation Order in the amount of $938,220.20 for certain invoices listed in the First Notice of Default. Award at 2.

17. OMV failed to cure the default entirely and $406,674.01 remains in default on the First Notice of Default, which OMV admitted. Award at 2.

18. On October 3, 2023, in accordance with the terms of the Stipulation Order, Loyal Source provided OMV with a third notice of default[1] ("**Third Notice of Default**") relating to different invoices. Award at 2.

---

[1] On September 27, 2023, in accordance with the terms of the Stipulation Order, Loyal Source provided OMV with a second notice of default, but OMV cured that particular default. Award at 2.

19. OMV failed to cure any of the default on the Third Notice of Default and $797,354.99 remains in default on the Third Notice of Default, which OMV admitted. Award at 2-3.

20. On October 9, 2023, in accordance with the terms of the Stipulation Order, Loyal Source provided OMV with a fourth notice of default ("**Fourth Notice of Default**") relating to different invoices. Award at 3.

21. OMV failed to cure any of the default on the Fourth Notice of Default and $741,407.15 remains in default on the Fourth Notice of Default, which OMV admitted. Award at 3.

22. Following submission of evidence and hearings in which OMV appeared, represented by counsel, the Arbitrator entered the Award on October 19, 2023.

23. In the Award, the Arbitrator awarded Loyal Source $1,945,436.15 for the invoices listed in the First Notice of Default, Third Notice of Default, and Fourth Notice of Default plus interest at the rate of the Secured Overnight Financing Rate (SOFR) on the date of the Award plus 1.75% per annum. Award at 3-4.

24. The Award is a final award as to the invoices it expressly pertains to, addressing both liability and damages as to those invoices, and no further litigation or adjudicatory labor is necessary as to those invoices.

## COUNT—CONFIRMATION OF THE AWARD

25. Paragraphs 1-24 are incorporated herein.

26. The FAA instructs in part,

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, *and thereupon the court must grant such an order* unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application

4

may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (emphasis added).

27. The Subcontract provides that any "arbitration shall proceed in accordance with the Commercial Arbitration Rules of the AAA then in effect, and judgment upon the award rendered by the arbitrator(s) may be entered and enforced in any court having jurisdiction." Subcontract, § 16(c).  Additionally, the award was made in the District of Maryland.

28. This Petition is timely because it is filed within one year after the Award was made.

29. No grounds exist for vacating, modifying, or correcting the Award.

30. Accordingly, this Court "must grant" an order confirming "the award made pursuant to the arbitration."  9 U.S.C. § 9.

WHEREFORE, Petitioner Loyal Source Government Services, LLC respectfully petitions the Court for:

   A.  An Order confirming the Award;

   B.  Entry of a Final Judgment in favor of Loyal Source Government Services, LLC and against OMV Medical, Inc. n/k/a Provizor Federal, Inc. in the amount of $1,945,436.15 plus interest at the rate of the Secured Overnight Financing Rate (SOFR) on the date of the Award plus 1.75% per annum; and

   C.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: October 24, 2023

/s/ *Strider L. Dickson*

Strider L. Dickson, Federal Bar No. 27157
McAllister, DeTar, Showalter & Walker LLC
706 Giddings Avenue, Suite 305
Annapolis, Maryland 21401
Phone: (410) 934-3903
Facsimile: (410) 934-3933
sdickson@mdswlaw.com

5

Kevin P. Jacobs
Antonio M. Hernandez, Jr.
Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5100
kjacobs@homerbonner.com
ahernandez@homerbonner.com
(*Pro Hac Vice* applications forthcoming)

*Attorneys for Petitioner Loyal Source Government Services, LLC*

6