**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| LOYAL SOURCE<br>GOVERNMENT SERVICES, LLC, | * <br> * <br> * |
| *Plaintiff*, | * <br> * |
| v. | *   Civil No. 1:23-cv-02889-SAG<br> * |
| OMV MEDICAL, INC.<br>n/k/a PROVIZOR FEDERAL, INC., | * <br> * <br> * |
| *Defendant*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO QUASH SUBPOENA**

Non-Party Impel Capital, LLC ("Impel"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 45, hereby moves to quash the subpoena (the "Subpoena") to Impel issued by Plaintiff Loyal Source Government Services, LLC (the "Plaintiff"), and in support thereof states the following:

1.      Impel is not a party to the instant action captioned above brought by the Plaintiff against OMV Medical, Inc. *n/k/a* Provizor Federal, Inc. (the "Defendant").

2.      Fed. R. Civ. P. 26 limits the scope of discovery subpoenas to relevancy and proportionality. *See* Fed. R. Civ. P. 26(b)(1).

3.      The Subpoena at issue here is unlimited in time and scope.  In essence, it calls for the production of documents related to any transaction with OMV Medical, Inc.  This information should be available through OMV Medical, Inc.  The Subpoena to Impel goes even further and seeks information related to any financial dealing not just with OMV Medical, Inc., but also with another non-party OMV Holdings, LLC.  OMV Holdings, LLC is the parent of OMV Medical, Inc.  Impel is the lone member of OMV Holdings, LLC.

6106113.1

1

4.      Under Fed. R. Civ. P. 45, a subpoena issued against a non-party that subjects the non-party to "undue burden" must be quashed.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).  In determining whether a subpoena is unduly burdensome, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally."  *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quoting *Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005)).

5.      As a part of the inquiry, a court must find"[t]he information sought must likely (not just theoretically) have marginal benefit in *litigating* important issues."  *Id.* (emphasis added).

6.      Here, the instant action concluded on January 29, 2024, when this Court adjudicated a judgment in favor of the Plaintiff.  *See* ECF 53, Order and Judgment.  It follows that there are no more issues the parties will be "litigating," and the information the Subpoena seeks will have not only "marginal," but zero, benefit to the case.  *See Jordan*, 921 F.3d at 189; *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012) (finding undue burden where subpoena sought information on "broad range of topics" that may only uncover "*potentially*" relevant information); *ISpine, PLLC v. Allstate Prop. & Cas. Ins. Co.*, Civil Action No. ELH-20-145, 2020 U.S. Dist. LEXIS 23834, at *17-18 (D. Md. Feb. 12, 2020) (finding undue burden where requesting party failed to specify the relationship between nonparty and party to litigation or any relevance of such relationship).

7.      A subpoena further subjects a non-party to undue burden "when a subpoena is overbroad — that is, when it seeks information beyond what the requesting party reasonably requires.  A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it."  *Id.* at 190 (internal citations omitted).

8.      The Plaintiff demands Impel to determine "Records sufficient to disprove" various allegations against the Defendant.  *See* Subpoena, Exhibit A, ¶ 12.

9.      Further, the Subpoena seeks, *inter* alia, the production of "any" communications and "all records" relating to "each and every" financial transaction between Impel and the Defendant or OMV Holdings, LLC with no limit in scope of time.  Neither Impel nor OMV Holdings, LLC is a party to the case.  The law requires such overly broad subpoenas to be quashed.

10.     The Plaintiff's attempt to shift its burden of establishing the relevance of the information goes directly against what the Fourth Circuit necessitated in *Jordan*, 921 F. 3d at 190, creating an undue burden onto Impel.

11.     Additionally, "[c]ourts should also consider what information is available to the requesting party from other sources.  To that end, the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation." *Jordan*, 921 F. 3d at 189, 191 (finding subpoena insufficient where requesting party "never explained why [nonparty] is an appropriate source given the alternatives"); *In re Newbrook Shipping Corp.*, 620 F. Supp. 3d 298, 312 (D. Md. 2022) (denying subpoena against third party where requesting party failed to show why discovery related to a party of the litigation could not be obtained from the party itself); *In re Campuzano-Treviño*, No. SAG-22-00365, 2022 U.S. Dist. LEXIS 33197, at *22-23 (D. Md. Feb. 24, 2022) ("The question is not whether [the non-party] likely possesses documents responsive to the Subpoena, but rather, whether the Subpoena is unduly burdensome in light of the near certainty that [the requesting party] may obtain identical information from his party-opponent...")

12.     Every request in the Subpoena related to OMV Medical, Inc. seeks information related to communications or transactions in which the Defendant was a party directly involved.

6106113.1

3

It follows that any such information is already in the Defendant's possession.  The Plaintiff fails to provide a single reason why it cannot seek such information from its own party-opponent.  *See In re Campuzano-Treviño*, No. SAG-22-00365, 2022 U.S. Dist. LEXIS 33197, at *22 (D. Md. Feb. 24, 2022) ("This Court agrees that [the nonparty] should not be required to prepare a witness for deposition, or to search the files of its foreign subsidiary, where the requested discovery is available and presumably discoverable to [the requesting party]" from the current litigation the requesting party is already a party to.)

13.    The Subpoena amounts to no more than a "fishing expedition" by the Plaintiff, casting an overly broad, vague, and unduly burdensome net, in hopes of finding information that the Plaintiff failed to demonstrate would be relevant to this instant action.  *See United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

Wherefore, Non-Party Impel Capital, LLC respectfully requests that this Court enter:

a)    An order quashing the subpoena issued by Plaintiff Loyal Source Government Services, LLC to Impel Capital, LLC; and

b)    for such other and further relief as justice may require.

Dated: February 20, 2024                    Respectfully submitted,

/s/    *Scott Patrick Burns*
Scott Patrick Burns, Fed. Bar No. 07557
Jung Yong Lee, Fed. Bar No. 22077
Tydings & Rosenberg LLP
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
(410) 752-9700
sburns@tydings.com
jlee@tydings.com

*Counsel for Impel Capital, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2024, a copy of the foregoing *Motion* was electronically filed and, thereby, served upon all counsel of record.

/s/     *Scott Patrick Burns*
Scott Patrick Burns

6106113.1