

# PROCESS SERVER DELIVERY DETAILS

**Date:**  Tue, Feb 6, 2024

**Server Name:**  Drop Service

| | |
|---|---|
| Entity Served | IMPEL CAPITAL, LLC |
| Case Number | 1:23CV02889SAG |
| Jurisdiction | MD |

| Inserts |
|---|
| |



AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| Loyal Source Government Services, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:23-cv-02889-SAG |
| OMV Medical Inc. n/k/a Provizor Federal, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Impel Capital, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see the document requests described in the attached Exhibit A.

| Place: McAllister, DeTar, Showalter & Walker; Attn: Strider Dickson, 706 Giddings Avenue, Suite 305 Annapolis, Maryland 21401 or sdickson@mdswlaw.com | Date and Time: 02/20/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/05/2024

         *CLERK OF COURT*

                                              OR

_____          _/s/_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Loyal Source Government Services, LLC _____, who issues or requests this subpoena, are:

Kevin Jacobs, 1441 Brickell Avenue, Ste. 1200, Miami, FL 33131, kjacobs@homerbonner.com, 305-350-5143

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:23-cv-02889-SAG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Impel Capital, LLC _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A[1]

### Definitions

The following definitions are applicable to and incorporated by reference into each request for production of documents:

1.    "**All**" shall be construed to include the term "**each**," and "**each**" shall be construed to include the word "**all**."

2.    The connectives "**and**," "**or**," and "**and/or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

3.    "**Any**" as used herein includes the word "**all**," and the word "**all**" as used herein includes the word "**any**."

4.    The term "**communication(s)**" means any transmission of information by one or more persons and/or between two or more persons by any means, including but not limited to, telephone conversations, letters, electronic mail, telegrams, teletypes, telexes, telecopies, computer link-ups, faxes, emails, written memoranda, direct messages, intra-app communications, text messages, other electronic communications, and face-to-face conversations.

5.    The term "**document(s)**" shall be construed to be synonymous and equal in scope to the broadest use of the term in Federal Rules of Civil Procedure and includes communications (as defined above), emails, and other electronically stored information.

---

[1]    You can satisfy this subpoena by emailing or mailing these documents to the email address or office address listed on the subpoena by the date listed on the subpoena. Please email or call Kevin P. Jacobs, Esq. if you have any questions: 305-350-5143 or kjacobs@homerbonner.com.

6.    "**Each**" as used herein includes the word "**every**," and the word "**every**" as used herein includes the word "each."

7.    "**Evidencing**," "**reflect**," "**reflecting**," "**related to**," "**refer to**," "**relating to**," **and "referring to**," shall mean reflecting, relating to, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

8.    "**Impel Capital, LLC**" or "**You**" or "**Your**" shall refer to Impel Capital, LLC.

9.    "**Including**" shall mean "including and without limitation."

10.    "**OMV**" or "**Corporation**" shall refer to Judgment Debtor OMV Medical, Inc. n/k/a Provizor Federal Inc. and shall include its agents, attorneys, employees, officers, directors, and accountants.

11.    "**OMV Holdings**" shall refer to OMV Holdings, LLC and shall include its agents, attorneys, employees, officers, directors, affiliates, and accountants.

12.    "**Judgment**" shall refer to the Judgment issued by the United States District Court for the District of Maryland against OMV attached as Exhibit 1.

## Requests

1.    The amount of each and every payment You received from OMV or OMV Holdings.

2.    The date of each and every payment You received from OMV or OMV Holdings.

3.    The source of each and every payment You received from OMV or OMV Holdings.

4. The form of each and every payment You received from OMV or OMV Holdings (e.g., check, wire, cash, ACH).

5. The payor's account information for each and every payment You received from OMV or OMV Holdings.

6. The account information into which each and every payment You received from OMV or OMV Holdings was deposited initially.

7. The disposition and location of each and every payment You received from OMV or OMV Holdings.

8. The date and amount of each and every payment, transfer, or distribution of any monies You received from OMV or OMV Holdings.

9. All checks from OMV or OMV Holdings.

10. All records relating to or identifying payments to OMV or OMV Holdings.

11. All records relating to or identifying payments from OMV or OMV Holdings.

12. Records sufficient to disprove the allegation that Government payments to OMV were, directly or indirectly, transferred to You.

13. Records of any payments made to any attorneys for OMV.

14. The amount of each and every payment made on Your behalf by OMV or OMV Holdings.

15. The date of each and every payment made on Your behalf by OMV or OMV Holdings.

16. The source of each and every payment made on Your behalf by OMV or OMV Holdings.

17. The form of each and every payment made on Your behalf by OMV or OMV Holdings (e.g., check, wire, cash, ACH).

18. The payor's account information for each and every payment made on Your behalf by OMV or OMV Holdings.

19. The account information into which each and every payment made on Your behalf by OMV or OMV Holdings was deposited initially.

20. Any communications with OMV or OMV Holdings regarding the Judgment.

21. Any communications with OMV or OMV Holdings regarding any payments You received from OMV or OMV Holdings.

22. Any communications with OMV or OMV Holdings regarding any payment made on Your behalf by OMV or OMV Holdings.

23. Any communications with OMV or OMV Holdings regarding any request for payments from OMV or OMV Holdings.

24. Any communications with OMV or OMV Holdings regarding any cancelled payments from OMV or OMV Holdings.

25. Any communications with OMV or OMV Holdings regarding any checks from OMV or OMV Holdings.

26. Any communications with OMV or OMV Holdings regarding any accounting records relating to OMV or OMV Holdings.

27. Any communications with OMV or OMV Holdings regarding any bank accounts relating to OMV or OMV Holdings.

28. The purchase agreement and related agreements, addendums, schedules, exhibits, and attachments, that effectuated the acquisition of OMV (or its assets) by You (as publicly announced on or about October 19, 2021).

29. All agreements between You and OMV or OMV Holdings.

30. Date, amount, and payee of any distributions to Your members.

31. Documents sufficient to trace any payments by OMV or OMV Holdings that You no longer have.

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

LOYAL SOURCE GOVERNMENT
SERVICES, LLC,

      Petitioner,

v.

                                          CASE NO.: 1:23-cv-02889-SAG

OMV MEDICAL INC. N/K/A
PROVIZOR FEDERAL, INC.,

      Respondent.

_____ /

### ORDER AND JUDGMENT

On January 5, 2024, following a hearing, the Court stated a ruling on the record and entered a summary order granting both a petition to confirm an interim arbitration award, ECF 1 (the "Petition"), and an emergency motion to confirm a second interim arbitration award, ECF 21 (the "Emergency Motion"), filed by Loyal Source Government Services, LLC ("Loyal Source"). The summary order also denied a motion by OMV Medical, Inc. n/k/a Provizor Federal Inc. ("OMV") to vacate the second award, ECF 37 (the "Motion to Vacate"). For the reasons stated at the January 5, 2024 hearing (ECF 47), the Court ORDERS as follows.

Accordingly, it is this 29th day of January, 2024, ORDERED:

1.      The Petition, ECF 1, and Emergency Motion, ECF 21, are GRANTED;

2.      The Motion to Vacate, ECF 37, is DENIED;

3.      Judgment is entered in favor of Loyal Source in the amount of $11,976,571.17;

4.      Judgment is to bear interest at the rate of the Secured Overnight Financing Rate (SOFR), as of January 5, 2024 plus 1.75% per annum, until payment in full is made;

-1-

5.    A constructive trust is imposed on any payments OMV received from the Government on or after January 5, 2024, under the October 23, 2017 Prime Contract between the Government and OMV, for services provided by Loyal Source to OMV, pursuant to the March 16, 2018 Subcontract Agreement. For such payments, OMV must provide to Loyal Source within 48 hours of receipt of the payments the following information: the amounts received, dates of receipt, corresponding OMV and Loyal Source invoice numbers, and the account information for all accounts holding any of the payments;

6.    Loyal Source promptly will provide a copy of this Order and Judgment to each Contracting Officer with responsibilities for implementing and enforcing the October 23, 2017 Prime Contract;

7.    Any party acting in active concert or in privity with OMV, including but not limited to Impel Capital, and their respective Directors, Officers, or other Principals are enjoined from transferring, withdrawing, or using as collateral any and all prior payments made by the Government to OMV for services provided by Loyal Source under the March 16, 2018 Subcontract Agreement, but not paid to OMV, irrespective of whether such payments may now reside in bank accounts, bank or other lock boxes, or subject to other financial instruments, either in the United States or abroad;

8.    Any party acting in active concert or in privity with OMV, including but not limited to Impel Capital, is enjoined from transferring any beneficial interest in the October 23, 2017 Prime Contract or the March 16, 2018 Subcontract Agreement to any third-party;

9.    Execution on this Judgment may issue immediately; and

-2-

10.     After due consideration, the Court will not require Loyal Source to post a bond.

_____
Stephanie A. Gallagher
United States District Judge

-3-